NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALFREDO ROMAN MORENO, *Appellant.*

No. 1 CA-CR 19-0006
FILED 10-17-2019

Appeal from the Superior Court in Maricopa County
No. CR2013-433596-001
The Honorable Richard J. Hinz, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Alfredo Roman Moreno, Phoenix
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

**T H U M M A**, Judge:

¶1        Alfredo Roman Moreno appeals the superior court's order denying his application to designate his Class 4 felony conviction a misdemeanor. Moreno argues the court erred in finding the conviction was not eligible for such a designation under Arizona Revised Statute (A.R.S.) section 13-604(A) (2019).[1] Because A.R.S. § 13-604(A) only allows certain undesignated Class 6 felony convictions to be designated misdemeanors, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2016, Moreno pled guilty to possession of less than two pounds of marijuana for sale, a Class 4 felony, and a non-dangerous, non-repetitive offense, and was placed on probation for two years.

¶3        In 2018, after he was discharged from probation, Moreno, pro se, filed a form "Application to Designate a Class 6 Undesignated Felony as a Misdemeanor." Where the form referenced a Class 6 felony, Moreno crossed out the printed numeral "6" and handwrote "4." In the form, Moreno states he had "successfully compl[ied] with all the terms order[ed] by the Superior Court of the State of Arizona. And therefore, the designation for the offense to a misdemeanor will provide a less harsh approach." The court denied the application, finding Moreno's Class 4 felony conviction was not eligible for designation as a misdemeanor under A.R.S. § 13-604(A).[2] This court has jurisdiction over Moreno's timely appeal from that ruling pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Although Moreno was convicted of a Class 4 felony, the order denying his application referred to a Class 5 felony, an error that does not impact the merits of the order denying his application or this appeal.

## DISCUSSION

¶4        Moreno's application asked that his Class 4 felony conviction be designated a misdemeanor pursuant to A.R.S. § 13-604(A). That statute, however, only authorizes certain Class 6 felony convictions to be designated as misdemeanors:

> [I]f a person is convicted of <u>any class 6 felony</u> not involving a dangerous offense and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor.

A.R.S. § 13-604(A) (emphasis added). The statute does not authorize a more serious felony offense (like Moreno's Class 4 felony conviction) to be designated a misdemeanor. *See id.*

¶5        Moreno argues that section 13-604(A) should apply because the order discharging him from probation stated: "*Notice: The defendant may request misdemeanor designation for an undesignated offense; see A.R.S. 13-604." This statement alerts defendants to the possibility of section 13-604 relief, if they qualify. Moreno's Class 4 felony conviction, however, is not eligible for designation as a misdemeanor. Nor has Moreno cited any other authority that would allow a court to designate his Class 4 felony conviction a misdemeanor or how the form order could modify the requirements outlined in section 13-604(A).[3]

---

[3] Moreno states, for the first time on appeal and without supporting authority, that the law should be "equally discharge[d] to everyone regardless of their race, gender, immigration status, the laws of the United States need be impartial and equal to every person under its jurisdiction." By failing to press this argument with the superior court, support it with authority on appeal, or show fundamental error resulting in prejudice, it is waived. *See State v. Escalante*, 245 Ariz. 135, 138 ¶ 1 (2018) ("When a defendant fails to object to trial error, he forfeits appellate relief absent a showing of fundamental error"); *see also State v. Sanchez*, 200 Ariz. 163, 166 ¶ 8 (App. 2001) (finding waiver for failure to develop argument).

STATE v. MORENO
Decision of the Court

**CONCLUSION**

**¶6** Because Moreno has shown no error, the order denying his application to designate his Class 4 felony conviction a misdemeanor is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4